**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 96-60086
(Summary Calendar)

ABEL LOPEZ, JR.; MARIA G LOPEZ,

Petitioners-Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

Appeal from the United States Tax Court
(4572-95)

August 27, 1996

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This appeal was instituted by Petitioners-Appellants Abel Lopez, Jr. (Abel) and Maria G. Lopez (Maria) (collectively, Taxpayers) after the United States Tax Court (Tax Court) dismissed their timely filed informal petition for redetermination of income

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

tax deficiencies asserted by Respondent-Appellee, Commissioner of Internal Revenue (the Commissioner). The Tax Court asserted jurisdiction over Taxpayers' petition under § 6213 of the Internal Revenue Code (I.R.C.) as to Maria but determined that it did not have jurisdiction with regard to Abel: He had previously filed for relief in bankruptcy, producing an automatic stay under Section 362 of the Bankruptcy Code, which stay prohibited Abel's filing of the instant petition in Tax Court. The Tax Court did not dismiss the petition as to Maria, however, as she was not affected by the automatic stay.

Both Taxpayers filed a notice of appeal. Concluding that we do not have appellate jurisdiction, we dismiss the appeal as to both.

I.R.C. § 7482 gives us jurisdiction to review decisions of the Tax Court. A decision of the Tax Court is one that either makes a final determination with regard to the tax deficiency at issue or dismisses the proceeding.[1] The order of the Tax Court from which Taxpayers appeal dismissed as to Abel but did not dismiss as to Maria; neither did it dismiss the proceeding. Rather, the proceeding continues in Tax Court with Maria as the sole petitioner. For purposes of this appeal, neither aspect of the Tax Court's order is a "decision of the Tax Court," so we have no

---

[1] Porter v. Commissioner, 453 F.2d 1231 (5th Cir. 1972).

appellate jurisdiction.[2]

For lack of appellate jurisdiction, Taxpayers' appeal of the Tax Court's order dismissing Abel from the proceeding in that court but continuing that proceeding as to Maria is DISMISSED.

---

[2] As we determine that we lack jurisdiction to hear an appeal of the subject order because it is not a decision of the Tax Court, we need not and therefore do not address the Commissioner's alternative grounds for dismissal, i.e., that Taxpayers' notice of appeal was not timely filed. Moreover, even if we were to determine that we had jurisdiction to hear the appeal, it is unlikely that we would reverse the order in question. Maria is not a party to Abel's bankruptcy proceedings; § 362(a)(8)'s automatic stay prohibits the commencement of an action in the Tax Court concerning the debtor; any petition filed in violation of § 362(a)(8) is void; Abel's petition violated the automatic stay and thus appears to have been properly dismissed as void by the Tax Court; and, as Maria is not a party to Abel's bankruptcy, the automatic stay would not apply to her, so the Tax Court's order that the case continue with regard to Maria would likely be sustained on appeal were it an appealable order, which it is not.